UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

JULIETTE ROYER, on behalf of herself
and others similarly situated,

    Plaintiff,

v.

HORIZON CARE SERVICES, INC.,
a Florida Corporation,

    Defendant.
_____/

## **COMPLAINT**

1. Plaintiff, JULIETTE ROYER (hereinafter referred to as "Plaintiff"), is an individual who at all times material to this action performed work for Defendant.

2. Defendant, HORIZON CARE SERVICES, INC., is a Florida Corporation that at all times material to this Complaint has owned and operated a business with a principal office in Palm Beach County, Florida providing in-home care and related services, including but not necessarily limited to providing Companions, Home Health Aides, Certified Nursing Assistants, and Nursing Care to individuals throughout Miami-Dade, Broward, and Palm Beach Counties, within the jurisdiction of the Court.

3. Plaintiff brings this action on behalf of herself[1] and other current and former employees of HORIZON CARE SERVICES, INC., similarly situated to Plaintiff for unpaid minimum wages, overtime compensation, and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

---

[1] Attached hereto is a signed Consent to Join from JULIETTE ROYER.

4. More specifically, this action is brought to recover from HORIZON CARE SERVICES, INC. unpaid minimum wage and unpaid overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the FLSA, 29 U.S.C. §216(b), for Plaintiff and the other similarly situated employees of Defendant.

5. Jurisdiction is conferred on this Court by 28 U.S.C. §216(b) and 29 U.S.C. §1337.

6. All of the events, or a substantial part of the events, giving rise to this action, occurred within the jurisdiction of the United States District Court for the Southern District of Florida, West Palm Beach Division.

7. During the three (3) year statute of limitations period between approximately November 2015 and the present, Plaintiff has worked for Defendant as a Home Health Aide for in Miami, Florida and Pompano Beach, Florida with primary duties that were non-exempt in nature, consisting of: (a) providing personal care to patients such as assisting with settling in for the night, dressing, showering, medication reminders; (b) grocery shopping and meal preparation; (c) house cleaning and laundry; and (d) transportation to medical appointments and other errands.

8. At all times material to this Complaint including but not necessarily limited to during the years of 2013, 2014, 2015, and 2016, HORIZON CARE SERVICES, INC. has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce. In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint, HORIZON CARE SERVICES, INC. has employed two (2) or more employees who, *inter alia*: (a) regularly handled and worked on equipment—including but not limited to computers, telephones, and printers—that were goods and/or materials moved in or produced for commerce; (b) regularly handled and worked with commercial office supplies—including but not limited to

paper, pens, and UPS, FedEx, and United States Postal Service shipping materials—that were goods and/or materials moved in or produced for commerce; (c) regularly handled and worked with medication, medical supplies and equipment—including but not limited to pain relievers, prescription medication, gloves, syringes, catheters, bandages, wheelchairs, walkers, and monitors—that were goods and/or materials moved in or produced for commerce; (d) regularly handled and worked with furniture and bedding—including but not limited to beds, tables, chairs, sofas, mattresses, sheets, blankets, and pillows—that were goods and/or materials moved in or produced for commerce; and (e) accepted and processed payments through national insurance providers and HMOs as well as Medicare and Medicaid, in interstate commerce.

9. Based upon information and belief, the annual gross sales volume of HORIZON CARE SERVICES, INC. has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2013, 2014, 2015, and 2016,

10. At all times material to this Complaint, including but not necessarily limited to during the years of 2013, 2014, 2015, and 2016, HORIZON CARE SERVICES, INC. has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

11. The additional persons who may become Plaintiffs in this action are the current and former non-exempt, employees of HORIZON CARE SERVICES, INC. who have worked for Defendant in one or more weeks between October 2013 and the present in the positions of Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, without being paid at least the minimum wage or time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for Defendant.

12. Plaintiff has regularly worked in excess of Forty (40) hours per week in one or more work weeks during her employment with Defendant within the three (3) year statute of limitations period between approximately November 2015 and the present.

13. Throughout the course of Plaintiff's employment with Defendant during the three (3) year statute of limitations period between approximately November 2015 and the present, Defendant has paid Plaintiff based upon a day rate of $100.00 per day but has failed to pay Plaintiff at least the minimum wage required by law and likewise has failed to pay time and one-half wages for Plaintiff's hours worked in excess of Forty (40) hours per week.

14. At all times material to this Complaint, Defendant had knowledge that Plaintiff was in fact a full-time, non-exempt employee of HORIZON CARE SERVICES, INC. within the meaning of the FLSA, 29 U.S.C. §203(e), not an independent contractor.

15. The facts and circumstances of the work Plaintiff has performed for Defendant between approximately November 2015 and the present reveal and confirm that Plaintiff was and continues to be an employee of Defendant under the law, including but not limited to because:

    (a) Plaintiff works on a full-time, permanent basis carrying out non-exempt home health aide and related labor for Defendant each work week;
    (b) Plaintiff is wholly dependent on Defendant for earning her livelihood;
    (c) Plaintiff has no opportunity for profit or loss dependent upon any managerial skill of Plaintiff;
    (d) Defendant exercises direct and extensive control over the manner in which and times at which Plaintiff was required to perform work each day for Defendant;
    (e) the duties Plaintiff has carried out for Defendant on daily basis do not require specialized skills; and
    (f) Plaintiff's home health aide services to Defendant's customers are an integral part of Defendant's business.

Accordingly, at all times material to this Complaint, Plaintiff was and continues to be an "employee" of Defendant under the FLSA, 29 U.S.C. §203(e)(1).

16. Likewise, the other employees of Defendant who are similarly situated to Plaintiff have regularly worked in excess of Forty (40) hours in one or more work weeks between October 2013 and the present in the positions of Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, with primary duties that were non-exempt but who were not paid at least the minimum wage or time and one-half wages for their hours worked over Forty (40) hours per week.

17. Based upon information and belief, records of at least some of the start times, stop times, number of hours worked each day, and total hours worked each week by Plaintiff and the other similarly situated employees of Defendant in one or more work weeks within the three (3) year statute of limitations period between October 2013 and the present are in the possession, custody, and/or control of Defendant.

18. The complete records concerning the compensation actually paid by Defendant to Plaintiff and the other similarly situated Companions, Home Health Aides, Certified Nursing Assistants, and Nurses for each week between October 2013 and the present are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

19. Plaintiff, JULIETTE ROYER, readopts and realleges the allegations contained in Paragraphs 1 through 18 above.

20. Plaintiff is entitled to be paid time and one-half of her applicable regular rate of pay for each hour she has worked for Defendant in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between approximately November 2015 and the present.

21. All similarly situated, non-exempt Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, of Defendant are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they worked for Defendant but were not properly compensated for working on Defendant's behalf during one or more work weeks within the three (3) year statute of limitations period between October 2013 and the present.

22. Defendant has knowingly and willfully failed to pay Plaintiff and the other similarly situated hourly, non-exempt Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, at time and one-half of their applicable regular rates of pay for all of their actual hours worked for Defendant in excess of Forty (40) per week between October 2013 and the present.

23. At all times material to this Complaint, Defendant has had notice that its compensation practices did not provide Plaintiff and Defendant's other non-exempt Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, with time and one-half wages for all of their actual overtime hours worked between October 2013 and the present based upon, *inter alia*: (a) Defendant maintaining records of at least some of the hours worked by Plaintiff and the other similarly situated non-exempt Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, in excess of Forty (40) hours per week; and (b) Defendant knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated non-exempt employees.

24. By reason of the said intentional, willful and unlawful acts of Defendant, all Plaintiffs (the named Plaintiff and those non-exempt employees similarly situated to her) have

suffered damages plus incurring costs and reasonable attorneys' fees.

25. Defendant did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated non-exempt Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

26. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendant all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

27. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JULIETTE ROYER, and any current or former Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendant, HORIZON CARE SERVICES, INC., for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## COUNT II
## MINIMUM WAGE VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

Plaintiff, JULIETTE ROYER, readopts and realleges the allegations contained in Paragraphs 1 through 18 above.

28. Plaintiff is entitled to the minimum wage required by law of $8.05/hour for each and every hour she has worked for Defendant each week within the three (3) year statute of limitations period between approximately November 2015 and the present.

29. However, Defendant has paid Plaintiff based upon a day rate of $100.00 per day without compensation at a rate of at least $8.05/hour for each and every hour Plaintiff has worked each week for Defendant between approximately November 2015 and the present.

30. All other non-exempt current or former Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, of Defendant are also entitled to be paid time at least the minimum wage required by law for every hour they have worked for Defendant within the three (3) year statute of limitations period between October 2013 and the present.

31. At all times material to this Complaint, Defendant had knowledge that Plaintiff and other non-exempt Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, were performing work for the benefit of Defendant during numerous work weeks within the three (3) year statute of limitations period between October 2013 and the present without compensation at the minimum wage required by law.

32. Defendant has knowingly and willfully failed to pay Plaintiff and the other similarly situated non-exempt current or former Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however variously titled, at least the minimum wage required by law for all of their actual hours worked for Defendant during each week within the statute of limitations period between October 2013 and the present.

33. By reason of Defendant's intentional, willful and unlawful act, all Plaintiffs (the named Plaintiff and those employees similarly situated to him) have suffered damages plus incurring costs and reasonable attorneys' fees.

34. Defendant did not have a good faith basis for its failure to pay at least minimum wage required by law for all of the actual hours worked by Plaintiff and Defendant's other non-exempt Companions, Home Health Aides, Certified Nursing Assistants, and Nurses, however

variously titled, as a result of which Plaintiff and the other similarly situated employees are entitled to the recovery of liquidated damages in an amount equal to their unpaid minimum wages from Defendant pursuant to 29 U.S.C. §216(b).

35. Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from Defendant all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

36. Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, JULIETTE ROYER, and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment, jointly and severally, against Defendant, HORIZON CARE SERVICES, INC., for the payment of all unpaid minimum wages, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury on all issues so triable.

Dated: October 13, 2016        Respectfully submitted,

By: **s/KEITH M. STERN**
Keith M. Stern, Esquire
Florida Bar No. 321000
E-mail: employlaw@keithstern.com
Hazel Solis Rojas, Esquire
Florida Bar No. 91663
E-mail: hsolis@workingforyou.com
LAW OFFICE OF KEITH M. STERN, P.A.
One Flagler
14 NE 1st Avenue, Suite 800
Miami, Florida 33132
Telephone: (305) 901-1379
Facsimile: (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1. I consent to be a party plaintiff in a lawsuit against Defendant, Horizon Care Services, Inc., a Florida corporation, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq*.

2. I hereby designate Keith M. Stern, P.A. to represent me in bringing my FLSA claims and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any adjudication by the Court, whether it is favorable or unfavorable.

3. I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*/s/ Juliette Royer*
Juliette Royer